# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| LORA HAINES, ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT FOR** |
| vs. ) | **VIOLATION OF THE** |
| ) | **FEDERAL SECURITIES LAWS** |
| NUTRISYSTEM, INC., ROBERT F. ) | |
| BERNSTOCK, PAUL GUYARDO, ) | JURY TRIAL DEMANDED |
| MICHAEL J. HAGAN, PATRICIA HAN, ) | |
| JAY HERRATTI, BENJAMIN A. ) | |
| KIRSHNER, MICHAEL D. MANGAN, ) | |
| BRIAN P. TIERNEY, ANDREA WEISS, and ) | |
| DAWN M. ZIER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Lora Haines ("Plaintiff"), by her undersigned attorneys, alleges the following on information and belief, except as to the allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

## NATURE AND SUMMARY OF THE ACTION

1.      Plaintiff, a stockholder of Nutrisystem, Inc. ("Nutrisystem" or the "Company") brings this action against the Company and its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) & 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §§ 240.14a-9, arising out of the definitive merger agreement between and among Nutrisystem, Tivity Health, Inc.("Tivity Health"), and Tivity Health's wholly owned subsidiary, Sweet Acquisition, Inc. ("Merger Sub") (the "Merger Agreement").

2.     On December 9, 2018 the Board caused the Company to enter into the Merger Agreement. Pursuant to the Merger Agreement, each common share of Nutrisystem common stock will be converted into the right to receive $38.75 in cash and 0.2141 of a share of Tivity Health common stock (the "Proposed Transaction"). As of the close of the market on December 7, 2018, the exchange ratio implied a merger price of $47.44 per share of Nutrisystem.  The Proposed Transaction represents an equity value of approximately $1.4 billion.

3.     On January 7, 2019, the Company and Tivity Health filed a Form S-4 Registration Statement (the "Registration Statement") with the SEC designed to convince Nutrisystem stockholders to approve the Proposed Transaction.  The Registration Statement is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding (i) the Company's and Tivity Health's financial projections; and (ii) the valuation analyses conducted by the Company's financial advisor, Evercore Group L.L.C. ("Evercore") to support its fairness opinion, including the financial projections.

4.     The special meeting of Nutrisystem stockholders to vote on the Proposed Transaction is forthcoming on March 5, 2019 (the "Stockholder Vote"). Therefore, it is imperative that the material information omitted from the Registration Statement is disclosed to the Company's stockholders prior to the Stockholder Vote so that they can properly exercise their corporate suffrage rights.

5.     For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from consummating the Proposed Transaction unless and until the material information discussed below is disclosed to Nutrisystem's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## PARTIES

6.      Plaintiff is, and has been at all relevant times, a stockholder of Nutrisystem.

7.      Defendant Nutrisystem is a Delaware corporation.  It maintains its principal executive offices at Fort Washington Executive Center, 600 Office Center Drive, Fort Washington, Pennsylvania, 19034.  The Company's common stock is listed for trading on the NASDAQ under the ticker symbol "NTRI."

8.      Defendant Robert F. Bernstock has served as a director of the Company since December 2005.

9.      Defendant Paul Guyardo has served as a director of the Company since 2012

10.     Defendant Michael J. Hagan has served as the Company's Chairman of the Board since April 2012 and served as Lead Director of the Company since February 2012.

11.     Defendant Patricia Han has served as a director of the Company since October 2018.

12.     Defendant Jay Herratti has served as a director of the Company since April 2013.

13.     Defendant Benjamin A. Kirshner has served as a director of the Company since October 2018.

14.     Defendant Michael D. Mangan has served as a director of the Company since July 2015.

15.     Defendant Brian P. Tierney has served as a director of the Company since February 2003.

16.     Defendant Andrea Weiss has served as a director of the Company since March 2013.

17.     Defendant Dawn M. Zier has served as the President and Chief Executive Officer

of the Company and a director of the Company since November 2012.

18.     The Defendants described in ¶ 8 through ¶ 17 are referred to herein as the "Individual Defendants."

19.     Collectively, Nutrisystem and the Individual Defendants are referred herein as "Defendants."

20.     Relevant non-party Tivity Health is a Delaware corporation.  Tivity Health has its principal executive offices at 701 Cool Springs Blvd., Franklin, TN 37067.  Encana common stock is listed for trading on the NASDAQ under the ticker symbol "TVTY."

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and Section 27 of the Exchange Act (15 U.S.C. § 78aa) because Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

22.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

23.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Nutrisystem is a corporation established under the laws of this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

24.     On December 10, 2018, the Company and Tivity Health issued a joint press release announcing the Proposed Transaction. The Press Release read in relevant part:

NASHVILLE, Tenn. and FORT WASHINGTON, Pa., Dec. 10, 2018 /PRNewswire/ -- Tivity Health, Inc. (Nasdaq: TVTY), a leading provider of fitness and health improvement programs, and Nutrisystem, Inc. (Nasdaq: NTRI), a leading provider of weight management products and services, today announced that they have entered into a definitive agreement under which Tivity Health will acquire all of the outstanding shares of Nutrisystem for a combination of cash and stock. Under the terms of the agreement, which has been unanimously approved by the Boards of Directors of both companies, Nutrisystem shareholders will receive $38.75 per share in cash and 0.2141 Tivity Health shares for each share of Nutrisystem common stock. The transaction values Nutrisystem at an enterprise value of $1.3 billion and an equity value of $1.4 billion, or approximately $47.00 per share. The implied stock consideration of $8.25 per Nutrisystem share is based on the volume-weighted average price of Tivity Health's stock for the 10 days ended December 3, 2018. The implied transaction consideration of $47.00 per share represents a 30% premium based on the volume-weighted average price for Nutrisystem over the last five trading days.

The combined company will be unique in offering, at scale, an integrated portfolio of fitness, nutrition and social engagement solutions to support overall health and wellness. Through this expanded portfolio, Tivity Health will be better positioned to address weight management – a major factor contributing to many chronic diseases. The diversification of Tivity Health's portfolio and increased scale will benefit all the company's stakeholders – including health plans, fitness partners, members and consumers – as these offerings support healthier lifestyles and can lower medical costs. Tens of millions of Americans are currently eligible for Tivity Health's SilverSneakers®, Prime® Fitness, WholeHealth Living™and flip50™ programs, and millions of people have lost weight with Nutrisystem's products, including Nutrisystem®, South Beach Diet® and DNA BodyBlueprint™.

This transaction will also create meaningful value for Tivity Health's shareholders through the addition of a new independent revenue stream, cost and revenue synergies, and significant potential growth opportunities. The combination of Tivity Health's and Nutrisystem's highly trusted brands and strong marketing and data analytics expertise will allow the combined company to increase awareness and member enrollment and engagement across all consumer audiences. The acquisition of Nutrisystem will further elevate Tivity Health as a leading health and wellness company offering comprehensive fitness, nutrition and social engagement solutions. Based on the financial results for both companies for the 12 months ended September 30, 2018, pro forma revenue would have been approximately $1.3 billion, net income would have been approximately $135 million and adjusted EBITDA would have been approximately $223 million. See the table appended to this release for a reconciliation of non-GAAP financial measures.

"The acquisition of Nutrisystem is an exciting and transformational event for Tivity Health as we expand our portfolio of healthy lifestyle brands," said Donato Tramuto, Tivity Health's Chief Executive Officer. "Tivity Health and Nutrisystem share the same mission-driven culture and have highly talented, motivated colleagues. Tivity Health has the opportunity to accelerate its already impressive growth with the addition of Nutrisystem. Our combined platform has the potential to attract new users, increase enrollment, and enhance engagement among the loyal customers and members of both companies. Many of the most common chronic conditions afflicting Americans today are associated with weight management, nutrition and physical fitness, and addressing both calories in and calories out is an important part of alleviating those conditions. Today, Tivity Health manages calories out with our SilverSneakers®, Prime® Fitness and flip50™ programs; and Nutrisystem manages calories in with its weight loss solutions. We believe combining our two companies will create entirely new value propositions for our health plans, fitness partners, members and consumers."

"Today marks an important milestone in Nutrisystem's 45-year history, as through this transaction, we will become part of a leading health and wellness company that will offer a broad range of nutrition, fitness and social engagement solutions to our customers. This transaction will provide our shareholders with significant value and the opportunity to participate in the upside potential of the combined company through ownership of Tivity Health stock," said Dawn Zier, President and Chief Executive Officer of Nutrisystem. "Tivity Health and Nutrisystem share a common strategic vision, mission and culture, and we look forward to working with the Tivity Health team to take the combined organization to the next level."

Upon closing of the acquisition, Tivity Health expects to maintain all existing Nutrisystem brands, as well as Nutrisystem's Fort Washington, PA location. Additionally, Dawn Zier will become President and Chief Operating Officer of Tivity Health reporting to Tivity Health CEO Donato Tramuto. She will be responsible for Tivity Health's nutrition and fitness divisions and will join the company's Board of Directors.

**Transaction Details**

Under the terms of the merger agreement, each outstanding share of Nutrisystem stock will be exchanged for $38.75 in cash and 0.2141 shares of Tivity Health common stock. Upon closing, Tivity Health shareholders are expected to own approximately 87% of the pro forma company on a fully diluted basis.

Tivity Health will finance the cash portion of the acquisition with fully committed term loan financing from Credit Suisse and existing cash on hand. At the closing of the transaction, Tivity Health's pro forma net leverage is expected to be approximately 4.4x, including the benefit of identified cost

synergies. Tivity Health expects to reduce net leverage to less than 3.5x by the end of 2020, and less than 2.5x by the end of 2021.

The transaction is expected to close in the first quarter of 2019, subject to the approval of Nutrisystem shareholders, the receipt of regulatory approval and other customary closing conditions.

**The Registration Statement Misleads Nutrisystem Stockholders by Omitting Material Information**

25.     On January 7, 2019, the Company filed the materially misleading and incomplete Registration Statement with the SEC.  Designed to convince stockholders to vote in favor of the Proposed Transaction, the Registration Statement is rendered misleading by the omission of critical information concerning the Encana and the Company's expected future value as standalone public entities as evidenced by their respective financial projections and the financial analyses conducted by Evercore.

### *Material Omissions Concerning the Financial Projections of the Company*

26.     The Registration Statement discloses projections of the non-GAAP accounting metrics Adjusted EBITDA and Unlevered Free Cash Flow, but does not disclose sufficient metrics to reconcile either metric back to Revenue or other GAAP metrics.

27.     Providing these non-GAAP metrics without disclosing the line item metrics used to calculate them, or otherwise reconciling the non-GAAP projections to GAAP measures, makes the provided disclosures materially incomplete and misleading.

28.     The Registration Statement fails to disclose the line items underlying Adjusted EBITDA necessary to reconcile it to GAAP measures, including (i) net income, (ii) interest expense, (iii) taxes, (iv) depreciation and amortization, (v) non-cash employee compensation expense, and (vi) certain one-time expenses.

29.     The Registration Statement also fails to disclose the line items underlying Unlevered Free Cash Flow necessary to reconcile it to GAAP measures, including (i) capital

expenditures, (ii) change in working capital, (iii) cash taxes, (iv) non-cash employee compensation expense.

30.     Without disclosure of these reconciling metrics, the Registration Statement violates SEC regulations and materially misleads Nutrisystem stockholders.

31.     These projections were provided to Evercore and the Board, and used by Evercore for the purpose of creating its fairness opinion that could then be used in soliciting stockholder approval of the Proposed Transaction.  Because these analyses were presented to the Nutrisystem stockholders as evidence of the fairness of the Proposed Transaction, the omission of the financial projections materially misleads those same stockholders as to the accuracy and value of the analyses

### Evercore's Valuation Analysis and Fairness Opinion

32.     The Registration Statement omits material inputs of Evercore's financial analyses, particularly financial projections of the Company, while selectively disclosing similarly-named financial metrics.

33.     With respect to Evercore's *Discounted Cash Flow Analysis* of Nutrisystem, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the range of discount rates of 9.50% to 10.50%; and (ii) the inputs and assumptions underlying the perpetuity growth rates of 3.0% to 4.0% underlying the calculation of the terminal values of cash flows.

34.     With respect to Evercore's *Net Present Value of Future Stock Price Analysis*, the Registration Statement misstates by omission (i) the inputs and assumptions underlying the discount rate of 10.5%; and (ii) the basis for applying multiples of 8.5x and 11.5x of the total enterprise value to NTM Adjusted EBITDA to calculate the implied future enterprise values.

35.    With respect to Evercore's *Precedent Premia Paid Analysis*, the Registration Statement misstates by omission the transactions observed by Evercore, as well as the premiums paid in each of the selected transactions.

36.    In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the Stockholder Vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and is thus threatened with irreparable harm, warranting the injunctive relief sought herein

37.    Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention

## CLAIMS FOR RELIEF

### COUNT I

**Claim for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Nutrisystem**

63.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64.    The Individual Defendants caused the dissemination of the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Nutrisystem is liable as the issuer of these statements.

65.    The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants

were aware of this information and their duty to disclose this information in the Registration Statement.

66.    The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

67.    The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

68.    The Registration Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

69.    By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

70.    Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

71.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

72.    The Individual Defendants acted as controlling persons of Nutrisystem within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Nutrisystem and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or

indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

73.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

74.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

75.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

76.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that Defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated:  January 24, 2019

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By: _/s/ Michael Van Gorder_
Michael Van Gorder (#6214)
3828 Kennett Pike, Suite 201
Wilmington, DE 19807
Tel.: (302) 482-3182
Email: mvangorder@faruqilaw.com

*Attorneys for Plaintiff*

**LEVI & KORSINSKY, LLP**
Donald J. Enright (to be admitted *pro hac vice*)
Elizabeth K. Tripodi (to be admitted *pro hac vice*)
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 337-1567
Email: denright@zlk.com

etripodi@zlk.com

*Attorneys for Plaintiff*